STATE OF NORTH CAROLINA v. CLYDE LEROY SIMON

No. 758SC50

(Filed 21 May 1975)

**Criminal Law §§ 34, 102— jury argument as to defendant's prior conviction — no prejudicial error**

> Defendant was not prejudiced by the solicitor's jury argument contending that defendant's admission of an earlier conviction of larceny was admissible for the purpose of showing the identity, motive and mental state of defendant at the time of the commission of the crime for which he was then being tried, particularly since defendant did not request the judge to instruct the jury that the evidence was competent only as it bore on defendant's credibility as a witness.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 31 October 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 20 March 1975.

Defendant was convicted of felonious breaking and entering and felonious larceny.

Evidence for the State tended to show the following. On the afternoon of 4 September 1974, Mabell McNair came home from school. As she entered her yard, she met defendant coming out of her yard. He was carrying a black and white portable television set which Miss McNair recognized as her mother's. She had a brief verbal exchange with defendant and was able to get a close look at him.

As defendant left her yard, Miss McNair ran to the back of her house and observed that the screen in the bathroom window had been removed. The bathroom window was open, and the lock had been removed.

Miss McNair found her sister and informed her of the encounter with defendant. The two sisters looked for defendant, found him, and followed him until they saw him leave the television behind a drugstore. Defendant then went to a nearby pool hall, and Miss McNair's sister called the police. A police officer found the television set behind the drugstore but was unable to locate defendant.

About one week later Miss McNair saw defendant again, and the police were called. Defendant was at a house a couple of doors down from the McNair's house, and Miss McNair identified defendant for the officer who then made the arrest.

Defendant testified that he was not in Goldsboro on 4 September 1974, never removed a television set from the McNair home, and never possessed such a set. On direct examination, defendant testified that he previously had been convicted of larceny of an automobile.

Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Alfred N. Salley, for the State.*

*Herbert B. Hulse and George F. Taylor, for defendant appellant.*

VAUGHN, Judge.

The evidence was sufficient to go to the jury and defendant's assignment of error based on the denial of his motion for judgment of nonsuit is without merit.

During the solicitor's argument to the jury he referred to defendant's admission of an earlier conviction of larceny. The solicitor was allowed to argue his *contention* that that evidence was admissible for the purpose of showing the identity, motive and mental state of defendant at the time of the commission of the crime for which he was then being tried. Defendant has assigned this argument as error. It is true, of course, that the solicitor's contention as to the application of the law with respect to that particular evidence was incorrect. Nevertheless, the argument of the contention was not error prejudicial to defendant. Moreover, at no time did defendant request the judge to instruct the jury that the evidence was competent only as it bore on defendant's credibility as a witness. When a defendant contends that evidence is competent for one purpose and not for another, it is his duty to request the court to instruct the jury to consider the evidence only for the purpose for which it is competent. The assignment of error is overruled.

Careful consideration of the record before us, including the charge to the jury, has led us to conclude that defendant's trial was free from prejudicial error.

No error.

Judges MORRIS and CLARK concur.